## WOOTEN *v.* SMITH.

No. 6420. NOVEMBER 14, 1928.

260

L. C. *Harrell* and W. A. *Woolen,* for plaintiff in error.

W. S. *Mann,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) We are of the opinion that the trial judge erred in enjoining the defendant from operating the filling-station in question. There is no reference in the brief of the counsel for plaintiff in. error to that portion of the order which enjoins the defendant from obstructing the private way over the lot in question; and therefore this part of the order need not be further considered. In *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643), this court held, first, that a filling-station is not a nuisance per se; secondly, that the allegations of the petition in that case, construed as against demurrer, did not show that the filling-station which the plaintiff sought to enjoin the defendant from erecting would be so erected or operated as to make the same a nuisance; and, thirdly, that the trial court erred in not sustaining a general demurrer to the petition. The case there made by the plaintiff is similar to that alleged by the petitioner in the present case, but the petition in that case alleged more acts which were relied upon to substantiate the contention that the operation of the filling-station would constitute a nuisance than are presented by the evidence in the present case. We there held, that, even conceding the truth of the allegations in the petition (and if they were proved as alleged), the plaintiff would still not be entitled to an injunction restraining the operation of the filling-station. That ruling settles the law of this case. In the present case evidence was introduced which could have been believed by the trial judge; and yet, under the rulings above cited, it was not sufficient to prove that the operation of the filling-station would cause a nuisance and to authorize the grant of an injunc-

tion. Therefore the trial judge did not legally exercise his discretion in passing upon the value of the evidence in the case under the law by which it must have been measured; and his judgment granting an injunction must be

Reversed. *All the Justices concur.*